IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDY NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 CV 7752 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| SHERIFF THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy Norwood, an inmate in the custody of the Kane County Sheriff, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Norwood claims that in December 2017, correctional officers at the Cook County Jail violated his constitutional rights by using unjustified force against him, retaliating against him for his grievances and lawsuits, and denying him due process in jail disciplinary proceedings.

The defendants have responded to the Amended Complaint with a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). According to the defendants, Norwood's settlement agreement and general release in a prior lawsuit bars this current action. The Court grants Norwood's request to adopt the briefs he previously filed in other cases in opposition to similar motions for judgment on the pleadings. Nevertheless, for the following reasons, the Court grants defendants' motion.

**Background**

Norwood was a pretrial detainee at the Cook County Jail at all times relevant to this lawsuit. Defendant S. Klimek is a sergeant at the jail. Defendants C. Ackerman and F. Ruiz are Cook County correctional officers. Defendant Thomas Dart is the Sheriff of Cook County.

Norwood alleges that on December 1, 2017, he was preparing for a court appearance when defendants Klimek, Ackerman, and Ruiz harassed him by frisking him and sifting through his legal

materials. The defendants confiscated Norwood's medication even though he was permitted to have it with him. Afterwards, they forcefully propelled him forward when they apparently thought he was shuffling too slowly to the courtroom.

Ultimately, the defendants placed Norwood in a bullpen that was out of view of cameras so that they could "mistreat" him by inflicting "unnecessary punishment." (R. 21, Amended Complaint, ¶ 9.) Defendant Klimek stood lookout while Defendants Ruiz and Ackerman rammed Norwood's head against a wall. As the officers assaulted Norwood, they threatened to "give [him] something to write about" if he insisted on continuing to file grievances and lawsuits against them. (*Id.*, ¶ 11.) Norwood at no time resisted the officers, and he was not being disruptive. Norwood was left with a knot in his head that still bothers him to this day.

Defendants Ackerman and Ruiz both issued disciplinary reports following the incident. Norwood never received notice of the disciplinary charges, nor was he afforded a hearing. He was housed in the Special Management Unit for five days.

Norwood made additional allegations in the Amended Complaint concerning purportedly inhumane conditions in the segregation unit, a denial of medical care for his injuries, the administration's failure to punish the alleged wrongdoers, the theft or loss of certain personal property, and a denial of access to the courts. However, the Court dismissed those claims and associated defendants on threshold review pursuant to 28 U.S.C. 1915A, either as misjoined or for failure to state a tenable federal claim. *See* R. 23, Order of April 13, 2020.

In November 2018, Norwood reached a settlement agreement with defendants in *Norwood v. Khan*, Case No. 18 C 4890 (N.D. Ill.).

Norwood initiated this action in November 2019.

Among their affirmative defenses, defendants asserted that "Plaintiff released all claims complained of in this Complaint pursuant to a 'Settlement Agreement and General Release' which was executed by Plaintiff when settling one of his prior cases before this Honorable Court,

2

captioned '*Randy Norwood v. Fauzia Khan, Thomas Dart, Sheriff of Cook County, and Cook County*,' Case No. 18 C 4890, United States District Court for the Northern District of Illinois, Eastern Division." (R. 48, Defendants' Answer and Affirmative Defenses, p. 11, ¶ 1.)

**Legal Standard**

"[T]he correct vehicle for determining an affirmative defense on the pleadings is an answer and a motion for judgment on the pleadings under Rule 12(c)." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6);" thus, courts "must determine whether the complaint states 'a claim to relief that is plausible on its face.'" *Gill v. City of Milwaukee,* 850 F.3d 335, 339 (7th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In doing so, courts accept plaintiff's "factual allegations as true and draw reasonable inferences from them in his favor." *Taylor v. JPMorgan Chase Bank*, 958 F.3d 556, 562 (7th Cir. 2020).

**Discussion**

In their Rule 12(c) motion, defendants contend—as they have in multiple lawsuits to date—that the 2018 settlement agreement contains a general release that covers all claims up to and including the date of the settlement agreement. Norwood, in contrast, continues to argue that the agreement was meant to release only the claims asserted in the 2018 *Norwood v. Khan* case, and thus does not preclude the present lawsuit.

For the reasons discussed in its prior decisions, the Court remains satisfied that Norwood's previous settlement agreement bars this action for damages. The Court has ruled in three other cases that Norwood's settlement agreement in Case No. 18 CV 4890 precluded him from bringing suit against Cook County Jail officials stemming from incidents that occurred prior to the execution of that agreement and general release. *See Norwood v. Dart*, Case No. 19 CV 1944 (N.D. Ill.), R. 56, Memorandum and Opinion of June 22, 2020 (Coleman, J.), *Norwood v. Stopka*, Case No. 19 CV 6220

3

(N.D. Ill.), R. 80, Memorandum and Opinion of February 12, 2020 (Coleman, J.); and *Norwood v. Devine*, Case No. 19 CV 2899 (N.D. Ill.), R. 56, Memorandum and Opinion of June 22, 2020 (Coleman, J).

The language in Norwood's 2018 settlement agreement effectively released the claims he presently asserts. The settlement document contains the following paragraph:

> Plaintiff for himself fully and forever releases, acquits and discharge Defendants, their agents, employees and former employees either in official or individual capacities, from **any and all actions,** suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity**, including but not limited to** any and all claims for Constitutional, federal law or state law violations against Plaintiff, and/or any taken, damaged, disposed of, or destroyed property, and any costs accrued arising out of Plaintiff's allegations which are the subject of *Norwood v. Dart,* 18 C 4890, in the United States District Court for the Northern District of Illinois, Eastern Division.

(Agmt. ¶ 7) (emphasis added). Under Illinois law, "the phrase 'including but not limited to,' … signals a broad release." *Darvosh v. Lewis,* 66 F.Supp.3d 1130, 1135 (N.D. Ill. 2014) (Castillo, J.). If the Court were to interpret the settlement agreement and general release to cover only the case in which the agreement was entered, as Norwood argues, the language "including but not limited to" would be rendered superfluous, resulting in an unreasonable interpretation of the parties' intent. *See Land of Lincoln Goodwill Indus., Inc. v. PNC Fin. Serv. Group, Inc.*, 762 F.3d 673, 679 (7th Cir. 2014) (Illinois courts attempt to "give meaning to every provision of the contract and avoid a construction that would render a provision superfluous.").

In further support of the interpretation that paragraph 7 is a general release is the carve-out paragraph immediately following paragraph 7. The next paragraph excepted another pending lawsuit, *Norwood v. Dart*, Case No. 17 CV 5759 (N.D. Ill.) from the general release. As the U.S. Court of Appeals for the Seventh Circuit has observed, "[i]t would have been odd for the settlement ***not*** to mention the underlying suit that prompted it; the desire to dispose of those claims is what drove the parties to the bargaining table." *Crosby*, 949 F.3d at 361 (emphasis in original). That said, as the 2018 settlement agreement makes clear, Norwood agreed to do more than dismiss the claims

4

in the *Norwood v. Khan* lawsuit. The instant lawsuit stems from events that took place in December 2017. Thus, the November 2018 settlement and general release, on its face, bars this lawsuit.

The Court has repeatedly considered and rejected Norwood's assertion that he did not understand that he was settling any claims beyond those raised in Case No. 18 CV 4890, the case in which he and Cook County entered the agreement. Norwood was represented by counsel when he entered into the settlement agreement and general release, as memorialized by the following statement in that agreement: "Plaintiff acknowledges that he reviewed this document with one of his attorneys and acknowledges that he understands the contents thereof, and executed this Agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into and bind the Parties to this Agreement." (Case No. 18 CV 4890, R. 39-1, Ex. A, 11/18 Confidential Settlement Agmt. & General Release ¶ 17.)

In other words, Norwood expressly attested that he read the agreement, reviewed it with one of his attorneys, and understood its contents. Furthermore, the Court reiterates that Norwood has shown himself to be a particularly shrewd and savvy litigator in the many cases he has litigated to date, notwithstanding his *pro se* status. Moreover, despite Norwood's complaints two years later that counsel was ineffective, the fact remains that a seasoned attorney who devotes his practice to prisoner civil rights litigation assisted him. And that attorney helped negotiate what defendants characterize as a "sizable monetary settlement" [R. 49, Defendants' Motion for Judgment on the Pleadings, at p. 2] to resolve a case involving delayed treatment for an abscessed tooth.

It only stands to reason that such a substantial settlement went beyond the case in which the agreement was reached. But in the unlikely event that Norwood's counsel did not take it upon himself to explain the parameters of the agreement—Norwood's signed declaration to the contrary notwithstanding—he could have answered any questions Norwood might have posed to him about its scope. Furthermore, if Norwood had any reservations whatsoever about the agreement, he does

5

not suggest that anyone or anything compelled him to sign the agreement without first having his questions answered and concerns addressed.

In sum, under the circumstances and construing the settlement agreement as a whole, the Court concludes that the release language is broad and encompasses more than the 2018 *Norwood v. Khan* claims. The Court specifically finds that the release bars the claims raised in this lawsuit based on events that happened almost a year before Norwood signed the general release in November 2018. *See Hampton v. Ford Motor Co.*, 561 F.3d 709, 716 (7th Cir. 2009) ("a party need not enumerate the specific claims [the party] is waiving in a general release."). Because the unambiguous language in the 2018 settlement released Norwood's claims in this matter, the Court grants defendants' Rule 12(c) motion for judgment on the pleadings.

**Conclusion**

For the foregoing reasons, the Court grants Norwood's motion to adopt his previously filed briefs opposing judgment on the ground that the settlement agreement barred lawsuits arising from events pre-dating the execution of that agreement [R. 56]. The Court, however, grants defendants' Rule 12(c) motion [49]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 3/1/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge